*1214 ORDER OF DISBARMENT
EASLEY, J.
¶ 1. This matter has come before the Court en banc on Formal Complaint filed by The Mississippi Bar seeking disbarment of Rex Benjamin Foster under the provisions of Rule 6 of the Rules of Discipline for the Mississippi Bar. Foster is an attorney subject to the disciplinary jurisdiction of the Court. On or about Mr. Foster entered a plea of guilty to a charge of sexual battery in violation of Miss.Code Ann. § 97-3-95 (Rev.2000) in Cause No. WSY in the Circuit Couyt of the First Judicial District of Hinds County, Mississippi. Upon acceptance of the guilty plea he was sentenced to serve a term of thirty years in the custody of the Mississippi Department of Corrections, with fifteen years suspended. Filed with the Formal Complaint are certified copies of Foster’s Petition to Enter Guilty Plea and the Sentencing Order entered by the Circuit Court of Hinds County, which constitute conclusive evidence of his conviction.
¶ 2. The Mississippi Bar sent a Summons and Notice to Respondent to Mr. Foster at his last known address with a copy of the Formal Complaint attached, which were received by an official of the facility. This Court entered an Order to Show Cause on, and no response was filed. Then, process not having been personally served on Foster, the Court issued its order on September 19, 2001, finding the case was improperly before the Court.
¶ 3. Thereafter, the Bar, on October 2, 2001, through the office of the Sheriff of Rankin County, personally served a Summons and Notice with a copy of the Formal Complaint attached on Foster. Foster has filed no answer nor has he otherwise responded. The time for appeal from Foster’s conviction and sentence has expired, and no appeal has been filed.
¶ 4. The crime to which Mr. Foster pled guilty and was convicted and sentenced is among those contemplated by Rule 6, and requires his disbarment and the striking of his name from the rolls of those licensed to practice law in Mississippi.
¶ 5. Rule 6 of the Mississippi Rules of Discipline states in pertinent part:
(a) Whenever an attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contende-re therein, or tender a guilty plea pursuant to the provisions of Miss.Code Ann. § 99-15-26 (Supp.1993), or any similar provision in state or federal law therein of any felony (other than manslaughter) ...., a certified copy of the judgment of conviction or order accepting or acknowledging the offer or tender of a guilty plea pursuant to the provisions of Miss.Code Ann. § 99-15-26 (Supp.1993), or any similar provision in state or federal law shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
[[Image here]]
(d) When time for appeal from judgment or conviction provided above expires or all appeals have been concluded without reversal, Complaint Counsel shall certify that result to the Court, and *1215 the Court shall forthwith enter an order of disbarment. '
¶ 6. IT IS THEREFORE ORDERED as follows:
¶ 7. 1. Rex Benjamin Foster is hereby disbarred from the practice of law in the State of Mississippi and his name shall be immediately removed from the rolls of the Mississippi Bar.
¶ 8. 2. The Clerk of the Supreme Court of Mississippi shall immediately forward to the attorneys of record for each party herein a copy of this Order of Disbarment, and shall send Mr. Foster’s copy by certified mail, return receipt requested.
¶ 9. 3. The Clerk shall immediately forward an attested copy of this Order of Disbarment to the Clerks of the United States District Court, Northern and Southern Districts of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the Clerk of the Supreme Court of the United States.
¶ 10. 4. The Clerk shall immediately forward an attested copy of this Order of Disbarment to the judges of the circuit, chancery and county courts of the districts where Mr. Foster resided and practiced law, and to the clerks of their respective courts, with instructions to include a copy of this judgment upon the minutes of their respective courts.
¶ 11. 5. The Clerk shall forward an attested copy of this Order of Disbarment to the Executive Director of the Mississippi State Bar.
¶ 12. 6. The Bar is entitled to recover from Mr. Foster all costs of this disciplinary proceeding, as well as all previously assessed sums. The Bar shall file its Motion for Costs and Expenses with the Court within ten (10) days of the filing of this Order.
¶ 13. 7. Mr. Foster is hereby enjoined from practicing law in Mississippi; from holding himself out as an attorney at law; from performing any legal service for others; from accepting any fee directly or indirectly for legal services to be performed for others; from appearing as counsel or in any representative capacity in any proceeding in any court of the State of Mississippi, or before any administrative body or agency thereof; from holding himself out to others as or using his name in any manner, in conjunction with the phrases “attorney at law,” “attorney,” “counsel- or at law,” “counselor,” or “lawyer.”
¶ 14. 8. Mr. Foster shall within thirty (30) days following his receipt of this order: (a) notify or cause to be notified all clients of his disbarment and his consequent inability to act as an attorney after the effective date of his disbarment; (b) notify or cause to be notified each client involved in pending litigation or administrative proceedings and the attorney or attorneys for each adverse party in such proceedings of his disbarment and consequent inability to act as an attorney after the effective date of his disbarment; (c) advise or cause to be advised each client promptly to substitute another attorney or attorneys in his place or to seek legal advice elsewhere; and (d) notify or cause to be notified all effected courts and agencies of his disbarment and consequent inability to act as an attorney after the effective date thereof.
¶ 15. 9. Mr. Foster shall return or cause to be returned all files, papers, monies and other properties belonging to his Mississippi clients in his possession, if any such clients request same after receiving notification from him.
¶ 16. 10. Within thirty (30) days of receipt of this Order of Disbarment, Mr. Foster shall file with this Court an affidavit stating that all current Mississippi clients have been notified of his disbarment and that all files, papers, monies and other property belonging to such clients *1216 have been returned as ordered herein, and showing in the cases where it was not possible to notify such clients or return their property, that due diligence was used to do so.